UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Xiaoyan Fan, | No. 2:24-cv-01579-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Jacqueline Coleman, | |
| Defendant. | |

Defendant Jacqueline Coleman removed this unlawful detainer action from Sacramento County Superior Court. Removal Notice, ECF No. 1. Coleman also filed a motion to proceed in forma pauperis. Mot., ECF No. 2. For the reasons set forth below, the court **remands** the case to the Sacramento Superior Court and **denies as moot** the motion to proceed in forma pauperis.

I.   **SUBJECT MATTER JURISDICTION**

   A.   **Legal Standard**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C.§ 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under

1

1 the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the
2 plaintiff's statement of his own cause of action shows that it is based upon [federal law]."
3 *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction
4 cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*,
5 556 U.S. 49, 60 (2009).

6       Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount
7 in controversy exceeds $75,000 and the parties are in complete diversity.  28 U.S.C. § 1332.
8 "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the
9 removing party must prove, by a preponderance of the evidence, that the amount in controversy
10 meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,
11 1090 (9th Cir. 2003) (per curiam).

12       A federal district court may remand a case sua sponte where a defendant has not
13 established federal jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it
14 appears that the district court lacks subject matter jurisdiction, the case shall be remanded[.]");
15 *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic*
16 *Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

17       **B.**     **Discussion**

18       Coleman asserts this court has federal question jurisdiction and removal is therefore
19 proper.  Removal Notice at 2.  However, a review of the documents attached to the notice do not
20 sufficiently establish this court has such jurisdiction.  *See Emrich*, 846 F.2d at 1195 ("The burden
21 of establishing federal jurisdiction is upon the party seeking removal" (citation omitted)).
22 Coleman argues this court has federal question jurisdiction because this action arises under
23 42 U.S.C. § 1983 and involves the deprivation of the right to secure housing without
24 discrimination.  Removal Notice at 2.  However, Coleman's answer or counterclaim cannot serve
25 as the basis for federal question jurisdiction.  *Vaden*, 556 U.S. at 60.  Additionally, while the
26 removal notice does not provide clarity on the exact allegations in the complaint, it appears the
27 complaint only sets forth an unlawful detainer claim, which is a matter of state law.  *Id.* at 6; *see*
28 *PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-01264, 2015 WL 3866892, at *4 (N.D. Cal. June 22,

2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.") (collecting cases). Finally, Coleman neither presents argument nor provides any evidence to show diversity jurisdiction exists.

Accordingly, because Coleman has not adequately established a basis for the court's subject matter jurisdiction, the court remands the case. *See Emrich*, 846 F.2d at 1195; 28 U.S.C. § 1447(c).

## II. REQUEST TO PROCEED IN FORMA PAUPERIS

Because the court has determined sua sponte it lacks subject matter jurisdiction and **remands** the case to the Sacramento County Superior Court, it **denies Coleman's motion for in forma pauperis status as moot.**

## III. CONCLUSION

For the foregoing reasons, this action is **remanded** to Sacramento County Superior Court and Coleman's motion to proceed in forma pauperis is **denied** as moot.

This order resolves ECF No. 2.

IT IS SO ORDERED.

DATED: June 6, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE